**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERIKA MAY FRANKLIN,

    Defendant - Appellant.

No. 23-6130
(D.C. No. 5:22-CR-00370-JD-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **EBEL**, and **BACHARACH**, Circuit Judges.
_____

Erika May Franklin was charged with four counts related to drug trafficking. She entered into a plea agreement with the government, agreeing to plead guilty to one count of maintaining a drug-involved premises in exchange for the government agreeing to dismiss the remaining three counts. The advisory Sentencing Guidelines range was initially calculated to be 292 to 365 months in prison, but because the statutory maximum for that count was 20 years, the district court explained that the advisory Guidelines range would be 240 months. The district court then granted Ms. Franklin a significant downward variance, sentencing her to 96 months in prison.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Despite the appeal waiver in her plea agreement, Ms. Franklin filed an appeal. The government has moved to enforce the appeal waiver in accordance with *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived [her] appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. The government argues Ms. Franklin's appeal falls within the scope of her waiver, her waiver was knowing and voluntary, and enforcing the waiver would not result in a miscarriage of justice.

Ms. Franklin's counsel filed a response to the government's motion to enforce pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there was no non-frivolous basis to oppose the motion and requesting permission to withdraw. Consistent with *Anders*, 386 U.S. at 744, this court gave Ms. Franklin the opportunity to file a pro se response, which she did. We have conducted an independent review of the proceedings as *Anders* requires, *see id.*, and, as discussed below, we conclude there is no basis to allow Ms. Franklin to avoid enforcement of the waiver.

We first examine "whether the disputed appeal falls within the scope of the waiver." *Hahn*, 359 F.3d at 1325. In her docketing statement and pro se response, Ms. Franklin indicates she wants to challenge her sentence. But under the terms of her appeal waiver, she "waive[d] the right to appeal [her] sentence . . . and the manner in which the sentence is determined." Mot. to Enf., Attach. 1 at 8. The only exception to the appeal waiver is "[i]f the sentence is above the advisory Guidelines

range determined by the Court to apply to Defendant's case." *Id.* Ms. Franklin's 96-month sentence is well below the advisory Guidelines range of 240 months. Her appeal therefore falls within the scope of the waiver.

We next ask "whether the defendant knowingly and voluntarily waived [her] appellate rights." *Hahn*, 359 F.3d at 1325. This requires us to examine (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Id.*

The plea agreement says expressly that Ms. Franklin knowingly and voluntarily waived her right to appeal. *See* Mot. to Enf., Attach. 1 at 8. And the Rule 11 colloquy was adequate. The district court reviewed with Ms. Franklin the waivers in her plea agreement, including the waiver of her right to appeal her sentence, and confirmed her understanding of those waivers. *See id.*, Attach. 2 at 25-28. We therefore conclude Ms. Franklin's waiver was knowing and voluntary.

Finally, we ask "whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. We have explained that "enforcement of an appellate waiver does not result in a miscarriage of justice unless" it involves one of the following four situations: "the district court relied on an impermissible factor such as race," "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid," "the sentence exceeds the statutory maximum," or "the waiver is otherwise unlawful." *Id.* at 1327 (internal quotation

3

marks omitted).  We have reviewed the record and conclude that enforcing the waiver will not result in a miscarriage of justice under this standard.

We grant the government's motion to enforce the appeal waiver and dismiss this appeal.  We also grant defense counsel's request to withdraw.

Entered for the Court
Per Curiam